■ JOSEPHINE ARCURI, Appellant, v. BENJAMIN SCHWARTZ et al., Doing Business as CARDILLO REAL ESTATE, Respondents.— In an action arising out of a sale of real property, in which the second amended complaint pleads 11 separate causes, the first cause of action being against all the defendants for the rescission of the contract of sale on the ground of fraud and deceit, and for a reconveyance of the property, the plaintiff appeals: (1) from an order of the Supreme Court, Westchester County, dated March 13, 1961, which, on motion of the defendant, Charles Cardillo, Jr., addressed to the entire second amended complaint, dismissed as against him the said complaint by reason of its patent insufficiency, with leave to replead; and (2) from so much of an order of the same court dated March 15, 1961, as, on the cross motion of the defendants Schwartz and Bass, addressed to all the causes of action against them, dismissed as to them the first 10 causes of action, with leave to replead. Order of March 13, 1961, and order of March 15, 1961 insofar as appealed from, reversed with one bill of $10 costs and disbursements, and motions denied. Defendants' time to answer the second amended complaint is extended until 20 days after entry of the order hereon. In our opinion, the first cause of action alleged against all the defendants, in which the plaintiff seeks rescission and reconveyance on the ground of fraudulent misrepresentations, is legally sufficient (*Downey* v. *Mallinson*, 232 App. Div. 703). Since the motions to dismiss were directed to the pleading as a whole, we need not now consider or pass upon the

sufficiency of the remaining causes of action as against any one of the defendants (*Imperatrice* v. *Imperatrice*, 298 N. Y. 549, 550). Beldock, P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.